**UNITED STATES of America,
Plaintiff,**

v.

**William E. FULLER, Defendant.**

**No. 70–Civ. 4085.**

United States District Court,
S. D. New York.

Dec. 10, 1970.

Whitney North Seymour, Jr., U. S. Atty., Louis E. Greco, Atty. in Charge, Admiralty & Shipping Section, U. S. Dept. of Justice, New York City, by Frank R. Grundman, New York City, of counsel, for plaintiff.

William E. Fuller, pro se.

CROAKE, District Judge.

## MEMORANDUM

In this action the Government is suing Mr. Fuller ("defendant") on a theory of contract or quasi-contract, for the unpaid cost of a transcript. This suit arises out of a suspension and revocation hearing held by the Coast Guard under 46 C.F.R. 136 et seq. Defendant herein, as counsel for defendant in that proceeding,[1] requested a daily transcript, stating his opinion that he was not legally required to pay for it, but agreeing to do so "under protest."

The Government has sued for $460.00 as the cost of the transcript, at $2.50 per page; both sides have moved for summary judgment. Since the only issue is the interpretation of the applicable regulations, summary judgment is an appropriate remedy in this context.

1. In the matter of Merchant Mariner's Document No. Z–760277 D–1, from February 26 through July 1, 1968.

33 C.F.R. 1 asserts the Coast Guard's right and duty to impose fees for furnishing copies or duplicates of certain documents, with the relevant exception of

(a) * * * services * * * furnished without charge

(b) * * * when requested by, or furnished to, the following persons * * *:

* * * * * *

(6) An individual directly concerned in a Coast Guard hearing, or other formal proceedings, not to exceed one copy. [1.25–30(a) (b) (6).]

The Government argues that this language, which on its face favors the defendant's position, actually refers to a copy furnished after the conclusion of the hearing sessions for the purpose of appeal. This service would be relatively inexpensive, for the Government would in any event require one copy for its own appellate purposes. The Government cites 46 C.F.R. 137.30–1(c) and 137.55–5(a), plus 33 C.F.R. 1.10–1 and 1.25–1 in support of its interpretation.

Defendant, in addition to challenging the Coast Guard's statutory authority,[2] interprets the above-cited Regulations as referring to the public at large, as distinguished from "individuals directly involved." Defendant notes that he was not given any other copy of the transcript when he exercised his unquestioned right to a copy for purposes of appeal, after the hearing. Such a response by the Coast Guard is consistent with the interpretation that defendant was entitled to *one* free copy, whenever it was produced. Finally, defendant challenges the computation of the charge, and raises the indigency of his client as a defense.

■ It is the opinion of this Court that summary judgment should be granted in favor of the defendant. The Regulations appear inherently ambigu-

2. Defendant notes, *inter alia*, that no fee schedule has been published in the Federal Register pursuant to 44 U.S.C. §§ 1504, 1507.

ous, but the correct construction favors the defendant's position. Defendant was defending a seaman in a proceeding brought by the Coast Guard, a proceeding of a quasi-penal nature. The Regulations preserve various elements of procedural due process for the defendant in such a proceeding. It appears more consistent with their general intent, as well with the specific language of 33 C.F.R. 1.25–30(b) (6), to read in the authorization of a free transcript, upon request, in such a proceeding. A contrary decision would have a chilling effect on the exercise of the rights enumerated in the Regulations.

■ Contrary to the Government's assertion, defendant has at all times reserved his rights in this matter. No assent was ever given to any contract to pay for the transcript; such assent as was manifested was conditioned upon a result opposite to that which will occur in this action. This being the situation, the quasi-contractual action fails as well; no act or omission of defendant misled the Government to its detriment.

Judgment for defendant.

So ordered.